IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | | |
|---|---|---|
| REILLY'S WHOLESALE PRODUCE, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-668 |
| | ) | (Judge Allegra) |
| THE UNITED STATES | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |

# SUPPLEMENT TO MEMORANDUM IN SUPPORT OF MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND DECLARATORY RELIEF

As discussed at the Court's September 27, 2006 telephonic initial status conference, *see* RCFC App. A, ¶ 8, for this bid protest action, Plaintiff, Reilly's Wholesale Produce Inc. ("RWPI"), respectfully submits this brief supplement to its Memorandum in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction and Declaratory Relief ("Memorandum").

In its Memorandum, RWPI may not have explicitly stated, but does now, that DeCA's September 20, 2006 Determination & Finding ("D&F), *see* Exhibit 6,[1] failed to review, consider or assess the potential competitive harm to RWPI that would result from the performance by the awardee, Four Seasons Produce Inc. ("Four Seasons"), of the Interim Contract if the GAO Protests of RWPI (or by any of the other Protestors) are sustained and a resolicitation or recompetition is ordered by GAO. An agency's failure to consider an important aspect of the problem is, at a minimum, an important consideration in the Court's override decision-making. *E.g., Chapman Law Firm*, 62 Fed. Cl. at 467; *Keeton*, 59 Fed. Cl. at 755.

[1] All citations herein to "Exhibits" are to the Exhibits to RWPI's Memorandum in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction and Declaratory Relief ("Memorandum"). In addition, this Supplement to RWPI's Memorandum uses the same abbreviations and case short names used in RWPI's Memorandum.

In the event of such a resolicitation or recompetition, Four Seasons will have gained an important competitive advantage (vis-à-vis RWPI and any other offerors participating in the re-solicitation or recompetition) by performing the Interim Contract, which (as acknowledged by DeCA) was awarded on the "same terms and conditions" as the D-0017 Contract, *see* Exhibit 6 (D&F), at 2-3, which is also under protest before the GAO. The D-0017 Contract and the Interim Contract of the same terms and conditions are the first opportunities that Four Seasons or any of the other offerors will have to perform a FF&V contract for DeCA because such contracts are only now being transitioned from DSC-P to DeCA. *See* Exhibit 6 (D&F), at 1-2. In particular, RWPI will be harmed if GAO orders a reprocurement or a recompetition (on the D-0013 and/or Interim Contracts) with new proposals because, if Four Seasons is not enjoined from performing, it will gain a critical understanding of exactly how DeCA's wants the requirements of the FF&V Solicitation to be performed under the Interim Contract, for which the work is the same as that to be performed under the D-0013 Contract. The Interim Contract (and the D-0013 Contract) work is being procured by DeCA under its new, restructured FF&V procurement program as opposed to past FF&V procurements, which were conducted by DSC-P, a separate agency, for DeCA. *See* Exhibit 6 (D&F), at 1-2.

Consequently, Four Seasons' work under the Interim Contract will provide an unfair competitive advantage, if there is a recompetition or resolicitation of the D-0013 or the Interim Contract. As in *Cigna*, the agency D&F here failed to consider the potential competitive damage to RWPI. *See* 70 Fed. Cl. at 102 (override decision "ignores the competitive advantage that awardees could gain in the context of a recompetition by performing the new contract now"), 112-13 (Protestor "will be harmed if GAO grants its protest and orders a reprocurement because its competitors will be gaining an understanding of the requirements of the Solicitation by performing the new, restructured, consolidated work"). The *Cigna* Court further noted – in a statement that is

equally applicable here -- that "[d]oing the work under the Solicitation may enable [the Awardees] to gain insights which could aid them in amending their proposals should GAO order such a remedy." *Id.* at 113; *see PGBA*, 57 Fed. Cl. at 664 ("Congress enacted the automatic stay on the premise that the failure of an agency to stay performance could result in a competitive disadvantage that might not be remedied, causing a contractor to lose an important business opportunity.")(citations omitted).

Dated: September 27, 2006

Respectfully submitted,

Michael J. Schaengold

Michael J. Schaengold
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6523
(202) 457-6315 (Fax)
mschaengold@pattonboggs.com

Attorney of Record for
Reilly's Wholesale Produce, Inc.

Of Counsel:

Elizabeth M. Gill
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000
(202) 457-6315 (Fax)

Mark A. McAndrew
DINSMORE & SHOHL
255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202
(513) 977-8200
(513) 977-8141 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2006, I served by hand delivery, and by electronic mail, Plaintiff's Supplement to Memorandum in Support of its Motion for a Temporary Restraining Order, Preliminary Injunction and Declaratory Relief to:

Dawn Conrad, Esq.
U.S. Department of Justice
Civil Litigation Branch
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington D.C. 20530
(HAND DELIVERY)

David Metzger, Esq.
Holland & Knight
1600 Tysons Boulevard
Suite 700
McLean, VA 22102
(HAND DELIVERY)

[signature]