**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| REILLY'S WHOLESALE PRODUCE, INC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-668C (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant, | ) | |
| And | ) | |
| FOUR SEASONS PRODUCE, INC., | ) | |
| Defendant-Intervenor. | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER**
**PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, Kristen E. Ittig, hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2. I am an attorney with the law firm of Holland & Knight LLP and have been retained to represent Four Seasons Produce, Inc., a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims (the "Court").

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of Protected Information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None.
________________________________________
________________________________________
________________________________________

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

None.
________________________________________
________________________________________
________________________________________

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

None.
________________________________________
________________________________________
________________________________________

8. I [inside counsel only] have attached a detailed narrative providing the following information:

   a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

   b. the person(s) to whom I report and their position(s) and responsibilities;

   c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

   d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

   e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of Protected Information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any Protected Information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

/s Kristen E. Ittig___________ __September 29, 2006________
Signature Date Executed

__Kristen E. Ittig, Partner____
Typed Name and Title

___202-862-5976________________
Telephone Number

____202-955-5564______________
Fax Number

_/s David P. Metzger_________ ____September 29, 2006____
Signature of Attorney of Record Date Executed

__David P. Metzger_________
Typed Name and Title

__703-720-8036_______________
Telephone Number

__703-720-8610_________________
Fax Number

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| REILLY'S WHOLESALE PRODUCE, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant,<br><br>And<br><br>FOUR SEASONS PRODUCE, INC.,<br><br>Defendant-Intervenor. | No. 06-668C<br>(Judge Allegra) |

**APPLICATION FOR ACCESS TO INFORMATION UNDER**
**PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, David P. Metzger, hereby apply for access to Protected Information covered by the Protective Order issued in connection with this proceeding.

2. a. I am an attorney with the law firm of Holland & Knight LLP and have been retained to represent Four Seasons Produce, Inc., a party to this proceeding.

3. I am a member of the bar of the United States Court of Federal Claims (the "Court").

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision-making as discussed in *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in matters involving similar or corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of Protected Information could provide a competitive advantage.

5. I identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph:

None.

________________________________________

________________________________________

6. I identify here (by writing "none" or listing names, position, and responsibilities) any member of my immediate family who is an officer or holds a management position with an interested party in the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order:

None.

________________________________________

________________________________________

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked or been found to have violated a protective order issued by any administrative or judicial tribunal:

None.

________________________________________

________________________________________

8. I [inside counsel only] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;

b. the person(s) to whom I report and their position(s) and responsibilities;

c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making and in providing advice in procurement-related matters;

d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and

e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of Protected Information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any Protected Information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the protective order may result in the imposition of such sanctions as may be deemed appropriate by the Court and in possible civil and criminal liability

* * *

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

__/s David P. Metzger______ __September 29, 2006____________
Signature Date Executed

__David P. Metzger, Partner_______
Typed Name and Title

___703-720-8036_______________
Telephone Number

___703-720-8610_______________
Fax Number

__/s David P. Metzger_________ __September 29, 2006_____________
Signature of Attorney of Record Date Executed

__David P. Metzger, Partner_______
Typed Name and Title

___703-720-8036______________
Telephone Number

___703-720-8610______________
Fax Number