# In The United States Court of Federal Claims

No. 06- 668C

(Filed: October 6, 2006)

REILLY'S WHOLESALE PRODUCE, INC.,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

In preparation for oral argument on the pending motion for preliminary injunction, the parties shall be prepared to respond to the following questions:

1. Whether, solely from a procurement law standpoint, there was any vehicle by which DSCP could have continued to accommodate DECA's needs during the interim period affected by the GAO stay?

2. Various documents indicate that DSCP, in fact, has accommodated DECA's request for FY 07 support in the Southwestern U.S., Hawaii, Pacific and Europe. How was this arrangement effectuated in terms of agreements and other protocols, consistent with the procurement and appropriations law?

3. Whether DECA could have awarded an interim produce contract to a firm other than Four Seasons or Reilly's Wholesale Produce?

4. Whether, during the interim period affected by the GAO stay, steps could be taken to simplify the process of ordering produce for the affected commissaries, by, for example, standardizing orders or limiting selections?

In addition, on or before 1:00 pm on October 9, 2006, defendant shall file with the court any Department of Defense documentation involving or discussing DSCP's continued support of

DECA in the Southwestern U.S., Hawaii, Pacific and Europe. In addition, defendant shall ensure – and be prepared to certify – that the administrative record in this case includes all internal Department of Defense communications involving the subject override decision or even the potential of issuing such a decision, including any electronic messages that discussed that subject.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge