**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| REILLY'S WHOLESALE PRODUCE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-668C |
| | ) | bid protest |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, and | ) | |
| | ) | |
| FOUR SEASONS PRODUCE, INC. | ) | |
| | ) | |
| Intervenor. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's opinion and order dated October 13, 2006, the parties respectfully submit this joint status report concerning a schedule for final resolution of this matter.

DEFENDANT'S STATEMENT

Defendant respectfully submits that further proceedings in this matter may not be necessary because the interested agency, the Defense Commissary Agency ("DeCA"), intends to issue a notice of termination for the convenience of the Government upon the interim contract, contract no. HDEC02-06-D-0017, with Four Seasons Produce, Inc. ("FSP") pursuant to FAR § 52.212-4(l). DeCA intends to issue the termination for convenience notice on October 18, 2006, with an effective date of October 20, 2006.

After careful consideration of the Court's October 13, 2006 opinion and order, DeCA has determined that terminating the interim contract for convenience is the best course of action for the Government given the Court's concern with the legality of the interim award, and the unlikelihood of performance on the interim contract before the Government Accountability Office ("GAO") issues its decision in the protest of the long-term contract filed by Philadelphia Produce Market Wholesalers ("PPMW"), which is to be issued on or before December 11, 2006.

Based upon the Court's opinion and order recognizing the importance of providing produce to military service members and their families, DeCA plans to rely upon existing processes and, only to the extent necessary, institute new Blanket Purchase Agreements ("BPAs"), for acquiring produce during the time that performance of the long-term contract is stayed by reason of PPMW's GAO protest of that contract. Upon termination of the interim contract, military commissaries in Area 3 will place produce orders, as they did prior to the award of the long-term contract, with the Defense Supply Center-Philadelphia ("DSC-P"), who will fill those orders under its existing BPAs. If DSC-P is unable to meet the requirements of the military commissaries, DeCA will establish supplemental BPAs directly with the offerors considered for award of the long-term contract (including plaintiff and intervenor). This process will maintain the status quo as much as possible during the time period that the long-term contract is stayed pursuant to PPMW's GAO protest.

Concurrent with the termination for convenience notice, DeCA intends to file a motion to dismiss plaintiff's protest of the interim contract with the GAO upon the grounds that the protest of the interim contract is moot once the interim contract has been terminated. Accordingly, defendant respectfully proposes that it file a status report on or before October 27, 2006, informing the Court of the status of the GAO protest on the interim contract. If the GAO dismisses the interim protest on or before October 27, 2006, defendant may, in lieu of a status report, file a motion to dismiss this case as moot.

PLAINTIFF'S STATEMENT

In light of Defendant's Statement, and assuming that DeCA issues tomorrow a termination for convenience of the interim contract, Plaintiff respectfully requests that the Court hold a telephonic status conference after the issuance and filing of the termination for convenience. Plaintiff also respectfully requests that, upon issuance of the termination for convenience of the

interim contract, Defendant be required to immediately file a copy with the Court and the parties.

INTERVENOR'S STATEMENT

Intervenor has reviewed and approves of this report. Intervenor has nothing to add to its contents. Intervenor agrees with the Agency that this course of action is the most practical manner in which to comply with the intent of the Court. The course of action outlined above has the best chance of ensuring a continued flow of FF&V to the commissaries. The course of action also involves DSC-P and its Blanket Purchase Agreements, to the extent possible, in performance, as the Court suggested in its injunction opinion, and discontinues reliance upon a contract which the Court in its opinion questioned.

Respectfully submitted,

s/ Michael J. Schaengold
MICHAEL J. SCHAENGOLD
Patton Boggs LLP
2550 M Street, NW
Washington, D.C. 20037
Tel: (202) 457-6523
Fax: (202) 246-6315

Attorney of Record for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/David P. Metzger
DAVID P. METZGER
Holland & Knight LLP
1600 Tysons Blvd., Suite 700
McLean, VA 22102
Tel: (703) 720-8036
Fax: (703) 720-8610

Attorney of Record for Intervenor

s/Dawn S. Conrad
DAWN S. CONRAD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7562
Fax: (202) 305-7643

OF COUNSEL:

THOMAS D. RATHGEB
Deputy General Counsel– Litigation
Defense Commissary Agency
1300 E Avenue
Fort Lee, VA 23801-1800

Attorneys for Defendant

electronically filed,
October 17, 2006

CERTIFICATE OF FILING

I hereby certify that on this 17th day of October, 2006, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Dawn S. Conrad