**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | | |
|---|---|---|
| **REILLY'S WHOLESALE PRODUCE, INC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-668C** |
| | ) | **(Judge Allegra)** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **FOUR SEASONS PRODUCE, INC.,** | ) | |
| **Intervenor.** | ) | |

**UNOPPOSED MOTION FOR CLARIFICATION OF DECEMBER 1, 2006 ORDER OR, ALTERNATIVELY, FOR RECONSIDERATION**

## Introduction

Plaintiff, Reilly's Wholesale Produce, Inc. ("RWPI"), respectfully files this Motion For Clarification Of The Court's December 1, 2006 Order Or, Alternatively, For Reconsideration under RCFC 59 and/or 60.

## Background

In this Court, RWPI challenged the override by the Defense Commissary Agency ("DeCA") of the automatic stay of contract performance, which was provided by the Competition in Contracting Act as a result of RWPI's filing of a GAO bid protest concerning DeCA's award of Contract No. HDEC02-06-D-0017 (the "D-0017 Contract" or the "Interim Contract") to Four Seasons Produce, Inc. ("Four Seasons"). As a direct result of RWPI's action in this Court, in an October 13, 2006 opinion (which was publicly released on October 26, 2006), 2006 U.S. Claims LEXIS 324, this Court preliminarily enjoined DeCA and Four Seasons from performing the D-0017

Contract. Subsequently, and because of RWPI's success in this action, DeCA terminated for convenience the D-0017 Contract with Four Seasons and returned the parties to the pre-award procurement status quo with respect to, and pending the outcome of the GAO Protests of DeCA's award of, Contract No. HDEC02-06-D-0013 (the "D-0013 Contract").[1]

On October 27, 2006, the Government moved to dismiss this case as moot because DeCA had terminated for the convenience the D-0017 Contract. On November 27, 2006, in its Response to Defendant's Motion to Dismiss, RWPI opposed the Government's Motion to Dismiss only to the extent that the granting of the Motion would prejudice RWPI's ability to recover attorneys fees, expert witness expenses and costs under, *inter alia*, the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1920[2] and/or RCFC 54(d). More specifically, RWPI stated that it:

> is a prevailing party for purposes of the [EAJA] and is entitled to recover, *inter alia*, its attorneys fees, expert witness expenses and costs under the EAJA. In addition, RWPI respectfully requests that this Court award RWPI its costs under, *inter alia*, 28 U.S.C. § 1920 and RCFC 54(d). *See* 28 U.S.C. § 2412. To the extent that the granting of DeCA's Motion to Dismiss would prejudice RWPI's ability to recover attorneys fees, expert witness expenses and costs under, *inter alia*, the EAJA, 28 U.S.C. § 1920 and/or RCFC 54(d), RWPI respectfully opposes the Motion to Dismiss.

RWPI's Response to Defendant's Motion to Dismiss, at 2.

In its Response, RWPI did not request that it be awarded any specific "attorneys fees, expert witness expenses and costs under the EAJA." Instead, RWPI merely stated that it opposed the Government's Motion to Dismiss to the extent such Motion would prejudice its ability to subsequently recover such attorneys fees, expert witness expenses and costs.

---

[1] While a GAO decision on the remaining Protest of the D-0013 Contract award has not yet issued, on December 5, 2006, the Small Business Administration ruled that the D-0013 Contract awardee, Four Seasons, was not a small business concern for the size standard applicable to that contract.

[2] 28 U.S.C. § 1920 is referenced in 28 U.S.C. §§ 2412(a)(1), 2412(d)(1)(A).

## Discussion

The Court's December 1, 2006 Order, at 2, states that:

> Costs, as allowable under 28 U.S.C. § 1920, shall be taxed against the defendant and awarded to the plaintiff. However, **plaintiff has not provided an appropriate application for the other items it seeks, *see, e.g.*, 28 U.S.C. § 2412(d)(1)(A)** [which, pursuant to 28 U.S.C. § 2412(d)(2)(A), includes attorneys' fees, expert witness expenses and costs] **and, accordingly, its request in this regard is otherwise DENIED.** [All capitals emphasis in original; bold emphasis added.]

To the extent that it can be interpreted as denying **with prejudice** RWPI's ability to apply for attorneys fees, expert witness expenses and costs under the EAJA, *see* RCFC 54(d), RWPI respectfully requests clarification of the Court's December 1 Order or, in the alternative, reconsideration of this Order under RCFC 59[3] and/or 60 because, at the time of the Order, RWPI was not eligible to have applied for fees, expenses and costs under the EAJA and any such application would have been premature.

In pertinent part, the EAJA provides that:

> [a] **party seeking an award of fees and other expenses shall, <u>within thirty days of final judgment in the action, submit to the court an application for fees and other expenses</u> which shows that the party is a prevailing party and is eligible to receive an award** under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. [Emphasis added.]

28 U.S.C. § 2412(d)(1)(B); *see* RCFC 45(d)(2)(A). The "judgment" in this case, however, was not issued until the next business day after the issuance of this Order, *i.e.*, December 4, 2006. For purposes of the EAJA, 28 U.S.C. § 2412(d)(1)(B), and RCFC 45(d)(2)(A), however, "'final judgment' means a judgment that is final and not appealable[.]" 28 U.S.C. § 2412(d)(2)(G). By statute, because the United States is a party to this case, the appeal period is 60 days (from the December 4, 2006 entry of the judgment), *see* 28 U.S.C. § 2522; 28 U.S.C. § 2107(b), and the judgment becomes "final"

[3] If necessary, RWPI also respectfully requests amendment of the Court's judgment in this case to accomplish the relief requested herein. *See* RCFC 59.

for purposes of the EAJA on February 2, 2007. Therefore, prior to the judgment becoming a "final judgment" on February 2, 2007, RWPI was not permitted to file an application for EAJA fees, and the filing of such an application prior to that date would have been premature. To the extent that RWPI's November 27, 2006 Response to Defendant's Motion to Dismiss was interpreted as an application for attorneys' fees, expert witness expenses and costs under EAJA,[4] it should have been dismissed without prejudice as premature.

The case law and commentators confirm this interpretation. *E.g., M.A. DeAtley Const., Inc. v. United States*, 71 Fed. Cl. 370, 371 n.1, 378 (2006) ("under [EAJA], Defendant is technically correct that the final judgment cannot include the award of attorney fees, since EAJA requires the prevailing party to apply for attorney fees after the entry of final judgment. *See* 28 U.S.C. § 2412(d)(1)(A)-(B)"; EAJA application dismissed as premature and without prejudice); *Boers v. United States*, 44 Fed. Cl. 725, 732 (1999) (because no final judgment had issued, EAJA application premature and application dismissed without prejudice); P. Whalen, "Equal Access to Justice Act: Recent Developments," 02-05 Briefing Papers *2 (Thomson/West April 2002) ("[a] party must submit an application for an EAJA award to … the court within 30 days of a final disposition in an adversary adjudication or of a final judgment in a civil action. For civil court actions, the EAJA provides that final judgment means a 'judgment that is final and not appealable, and includes an order of settlement.' Thus, the 30-day period for filing an EAJA application starts when the time for filing an appeal of the judgment has expired.") (footnotes omitted); *see Skip Kirchdorfer, Inc. v. United States*, 803 F.2d 711, 712 (Fed. Cir. 1986); *Sweet v. United States*, 63 Fed. Cl. 591, 602 (2005) ("there is as yet no final judgment, and the award of attorneys' fees [under EAJA] against the government in this action would be premature").

[4] RWPI's November 27, 2006 Response to Defendant's Motion to Dismiss was not intended to be an application for attorneys' fees, expert witness expenses and costs under EAJA. Counsel for RWPI apologizes for any confusion that counsel may have caused on this matter.

Consequently, RWPI respectfully requests clarification of or, alternatively, reconsideration (under RCFC 59[5] and/or 60) of the Court's December 1 Order, so that it is clear that RWPI is not prohibited or prevented from filing an application for, or denied the opportunity to file an application for, an award of attorneys' fees, expert witness expenses and costs under the EAJA, provided that RWPI files a timely application under the EAJA (i.e., within the time limit specified in 28 U.S.C. §2412(d)(1)(B), which is discussed above). Significantly, counsel for the Government and Four Seasons do not oppose this Motion.

Dated: December 8, 2006

Respectfully submitted,

/S Michael J. Schaengold

Michael J. Schaengold
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6523
(202) 457-6315 (Fax)
mschaengold@pattonboggs.com

Attorney of Record for
Reilly's Wholesale Produce, Inc.

Of Counsel:
Elizabeth M. Gill
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037

Mark A. McAndrew
DINSMORE & SHOHL
255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202

[5] If necessary, RWPI also respectfully requests amendment of the Court's judgment in this case to accomplish the relief requested herein. *See* RCFC 59.

**CERTIFICATE OF FILING**

I hereby certify that on this 8th day of December, 2006, a copy of the foregoing PLAINTIFF'S MOTION FOR CLARIFICATION OF ORDER was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S Elizabeth M. Gill