*In the United States Court of Federal Claims*

# TAXATION OF COSTS
**No. 06-668C**
**April 24, 2008**

**REILLY'S WHOLESALE PRODUCE, INC.**
**Plaintiff,**

**v.**

**UNITED STATES of AMERICA,** **(Judge Allegra)**
**Defendant.**
and

**FOUR SEASONS PRODUCE, INC.**
**Defendant-Intervenor**

In this post-award bid protest, Plaintiff's motion for injunctive relief was granted on October 13, 2006. On December 4, 2006, judgment was entered dismissing the complaint. Pursuant to the Order of Judge Allegra, costs allowable under 28 U.S.C. § 1920 were awarded to Plaintiff Reilly's Wholesale Produce, Inc. and taxed against Defendant United States. Plaintiff submitted its Bill of Costs (BOC) on March 2, 2007. Defendant has not submitted objections to the BOC.

Rule 54(d) of the Rules of the United States Court of Federal Claims (RCFC) provides that the court may tax costs in favor of the prevailing party to the extent that such costs are permitted under 28 U.S.C. §§ 1821 and 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The prevailing party has the burden to establish to the court's satisfaction that the requested costs are taxable. Green Constr. Co. v. Kan. Power & Light Co., 153 F.R.D. 670, 675 (D. Kan. 1994). To tax a requested cost, the judge, or the clerk as the court's designee, must find that it is a necessary litigation expense and that the amount to be taxed is reasonable. Soler v. Waite, 989 F.2d 251, 255 (7th Cir. 1993).

## ***Fees of the Clerk***

Plaintiff requests costs in the amount of $250 for filing fees paid to the Clerk. This cost is expressly authorized by 28 U.S.C. § 1920(1)(2000) and shall be taxed in favor of the plaintiff accordingly.

***Fees for Certification or Duplication of Papers***

The court may tax costs for duplication of papers necessarily obtained for use in the case, if the costs are reasonable. 28 U.S.C. § 1920(4); Fogelman v. ARAMCO, 920 F.2d 278, 286 (5th Cir. 1991). Documents filed with the court are presumed to be necessarily obtained for use in the case. Friedlander v. Nims, 583 F. Supp. 1087, 1088 (N.D. Ga. 1984); Westinghouse Hanford Co. v. United States, No. 97-756 C, Taxation of Costs (Fed. Cl. Filed Feb. 5, 2001). This court permits costs to be taxed up to five copies of each pleading, dispositive brief or other document that is filed with the court. Additional copies are allowable where third parties are present. RCFC Form 4, Bill of Costs.

Plaintiff requests $328.50 for costs of duplication of 1,314 pages of briefs filed with the court. These costs are presumed necessary and the court finds them reasonable. The amount of $328.50 will be taxed for duplication of papers necessarily obtained for use in the case.

***Costs for Witnesses***

Plaintiff requests $600 for witness fees. Pursuant to 28 U.S.C. § 1821(a)(1) and 28 U.S.C. § 1821(c)(4), all "normal travel expenses" are taxable as costs under 28 U.S.C. § 1920(3) if the witness is attending a court proceeding or having his or her deposition taken. West Wind Africa Line, 834 F.2d 1232, 1237 (5th Cir. 1988); Oetiker v. Jurid Werke, GmbH, 104 F.R.D. 389, 391 (D.D.C. 1982). The court has the discretion to tax these costs so long as the amount awarded does not exceed the amount allowed by the applicable statute. 28 U.S.C. § 1821; 10 Wright, Miller & Kane, Federal Practice and Procedure § 2678 at 468. Similarly, pursuant to 28 U.S.C. § 1821(a)(1) and (b), a witness is entitled to a daily attendance fee of $40.00 for "each day's attendance" at the court or before a person authorized to take a deposition under the rules of the court. The *per diem* fee, like travel expenses, is paid for the number of days of necessary attendance, "including time going to and coming from the place of the trial or hearing." Green Constr. Co., 153 F.R.D. 670, 679 (D. Kan. 1994).

Plaintiff submitted a reimbursement form indicating the dates and costs of Consultation Services of Dana C. Waters. Consultation costs are not costs permitted under 28 U.S.C. § 1920 as described above. Plaintiff asserts, and the record indicates, that the judge relied on the declaration of Mr. Waters in its granting of the injunction. Even if the court were to consider this a declaration of a "witness," there are no costs associated with appearances for either a deposition or a court hearing as prescribed in the statute. The cost of $600 for consultation fees is denied.

***Conclusion***

The court taxes costs in favor of Plaintiff Reilly's Wholesale Produce, Inc. and against Defendant United States as follows:

| | | |
|---|---|---|
| Fees of the Clerk: | $ | 250.00 |
| Costs for Duplication of Papers: | | 328.50 |
| Total Costs Taxed: | $ | 578.50 |

s/ John S. Buckley
John S. Buckley
Acting Clerk, U.S. Court of Federal Claims

**NOTE: If taxed in favor of defendant, payment thereof should be by check payable to "U.S. Treasury" and forwarded to defendant's attorney of record with notice thereof to the Clerk. If in favor of plaintiff, then payment will be via Title 28 U.S.C. § 2517 certification as provided for in Title 28 U.S.C. § 2412(c)(1) and forwarded to plaintiffs' attorney of record.**